**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STEVEN ZARLING, | ) | Case No. 18-35437 |
| | ) | |
| Debtor. | ) | Hon. Judge: HUNT |

### NOTICE OF FILING

*The following persons or entities who have been served via electronic mail*:
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Richard Mason, Chapter 7 Trustee: rmason@mcquirewoods.com
Robert Benjamin, attorney for Linda Nelson and Richard Mason, Chapter 7 Trustee: rrbenjamin@gct.law
Anthony D'Agostino, attorney for Linda Nelson: ajdagostino@gct.law
PRA Receivables Management, LLC: claims@recoverycorp.com

*The following persons or entities who have been served via first-class U.S. mail*:

Steven Zarling, 1617 Greenwood Ave., Hanover Park, IL 60133

**Please take notice that I have filed the attached Response to Trustee's Objection to Debtor's Assertion of Exemption, on August 6, 2019.**

### PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before August 6, 2019, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE:  August 6, 2019             /s/ Robert C. Bansfield Jr.
                                              Robert C. Bansfield Jr., A.R.D.C. #6329415

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STEVEN ZARLING, | ) | Case No. 18-35437 |
| | ) | |
|    Debtor. | ) | Hon. Judge: HUNT |

## RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S ASSERTION OF EXEMPTION

NOW COMES the Debtor, STEVEN ZARLING, by and through his attorneys, David M. Siegel & Assoc., LLC, to respond to the Objection to Debtor's Assertion of Exemption, filed by Richard Mason, Chapter 7 Trustee, and in support thereof states as follows:

1) This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois Eastern Division.

2) Debtor filed a petition for relief under Chapter 7 of Title 11 USC on December 26, 2018. Richard Mason was appointed Trustee in the case.

3) Debtor's §341 Meeting of Creditors was held on January 29, 2019 and adjourned. Docket Number 11.

4) At Debtor's §341 Meeting, Debtor, Debtor's attorney, Trustee, and counsel for Linda Nelson were present for the examination.

5) At the meeting, Debtor disclosed that he had received a Workers' Compensation settlement in the amount of $39,810.82. Trustee Mason requested that the proper amendments be made to Debtor's schedules and Statement of Financial Affairs and be notified via email when they were made.

6) The required amendments to Debtor's Schedules A/B, C, and Statement of Financial Affairs were made on February 6, 2019. Docket numbers 12 and 13.

7) Trustee Mason was notified of the amendments via email on February 6, 2019 as requested. See Exhibit 1.

8) Trustee Mason, through his attorneys, subsequently filed an Objection to Debtor's Assertion of Exemption on June 17, 2019. Docket Number 24.

9) Rule 4003(b) of the Federal Rules of Bankruptcy Procedure states:

   "(b) Objecting to a Claim of Exemptions.

   (1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."

10) 11 U.S.C. §522(l) states: "…Unless a party in interest objects, the property claimed as exempt on such list is exempt."

11) The United States Supreme Court has stated in *Taylor v. Freeland & Kronz et. al*:

   "Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(l) therefore has made the property exempt." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992)

12) It has been 139 days since the initial §341 Meeting of Creditors and 132 days since the filing of the amended Schedules and Statement of Financial Affairs declaring Debtor's Workers' Compensation settlement as exempt.

13) Trustee Mason is well outside the allotted 30 days allowed by Rule 4003(b) to object to Debtor's claimed exemption.

14) The Supreme Court made clear in *Taylor* that a trustee or creditor may not object to a claim exemption after 30 days after the initial §341 Meeting or any amendments to schedules

unless granted further time by the court. Neither Trustee Mason nor any creditor has asked this Court to do so.

15) Linda Nelson, a creditor of Debtor, has filed multiple Motions to Extend Time to File Objection to Discharge or Dischargeability. See Docket Numbers 17, 20, and 26.

16) However, Trustee Mason nor Linda Nelson, nor any other creditor has asked this Court to extend the time for filing an objection to Debtor's exemptions in these motions or a separate motion.

17) It would be too late to ask this Court to do so according to Rule 4003(b) since it must be done before the time to object to an exemption expires.

18) Since a party in interest has not objected to Debtor's claimed exemption within the allotted time by Rule 4003(b), according to Rule 522(l), the Debtor's Workers' Compensation settlement is exempt.

WHEREFORE, the Debtor, STEVEN ZARLING, prays that the Court overrule the Objection to Debtor's Assertion of Exemption, and any other relief that this Honorable Court deems fair and proper.

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100