# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | Case No. 18 B 35437 |
| STEVEN D. ZARLING, | ) | Honorable LaShonda A. Hunt |
| | ) | |
| Debtor. | ) | |

### REPLY IN SUPPORT OF OBJECTION TO DEBTOR'S ASSERTION OF EXEMPTION

Richard Mason (the "Trustee"), not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling (the "Debtor"), by and through his attorneys, Robert R. Benjamin, Beverly A. Berneman and Anthony J. D'Agostino of GOLAN CHRISTIE TAGLIA LLP, respectfully submits the following reply in support of his Objection to Debtor's Exemption (the "Exemption Objection") pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

1. Bankruptcy Rule 4003(b) states that "a party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under *§341(a) is concluded* or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b) (emphasis added).

2. Debtor appeared at his initial Section 341 Meeting of Creditors (the "341 Meeting") on January 29, 2019. Debtor then filed amended bankruptcy schedules on February 6, 2019 disclosing a February 2018 workers' compensation settlement in the amount of $39,810.82 (the "Settlement Funds"). [Dkt. No. 12.] That same day, Debtor also filed an Amended Statement of Financial Affairs and disclosed that the Settlement Funds were transferred to George Zarling, Debtor's brother, in February 2018. [Dkt. No. 13.]

3. Following Debtor's disclosure of a previously unscheduled asset and its transfer, Debtor's 341 Meeting was continued from time to time to permit further study by the Trustee pursuant to Bankruptcy Rule 2003(e). [Dkt. Nos. 11, 16, 18, 27, 33.]

4. On June 17, 2019, Trustee filed his Exemption Objection, prior to the conclusion of Debtor's 341 Meeting. *In re DiGregorio*, 187 B.R. 273, 276 (Bankr. N.D. Ill. 1995) (A meeting of creditors is never concluded until either the trustee declares it to be concluded or the court orders so.); [Dkt. No. 24.]

5. On August 6, 2019, the Trustee filed his Statement Adjourning the 341 Meeting. [Dkt. No. 33.] Therefore, Trustee's Exemption Objection was timely pursuant to Bankruptcy Rule 4003(b).

6. Debtor does not dispute that the transfer of the Settlement Funds to his brother altered the potentially exempt nature of the funds as they were no longer for Debtor to hold and use "for the support of the Debtor and his family." *In re Lantz*, 451 B.R. 843, 846 (Bankr. N.D. Ill. 2011), *quoting Auto Owners Ins. v. Berkshire*, 225 Ill. App. 3d 695, 698 (2d Dist. 1992). Therefore, the funds have lost their exempt status.

7. Equally relevant to this analysis is that the Settlement Funds, by virtue of Debtor's pre-filing transfer, were no longer an asset of the bankruptcy estate and subject to a claim of exemption. The question becomes whether that transfer is voidable by the Trustee. Debtor does not dispute that the transfer of the Settlement Funds occurred between ninety (90) days and one (1) year before the date of the filing of the Petition and was made to an "insider" as defined by 11 U.S.C. § 101(31)(A)(i); 11 U.S.C. § 547(b)(4)(B). Debtor's transfer of the Settlement Funds was an avoidable transfer.

WHEREFORE, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling, requests that Debtor's claimed exemption be disallowed and for such further relief as this Honorable Court deems just and proper.

Dated: August 14, 2019                                     RICHARD MASON,

                                                           By: */s/ Anthony J. D'Agostino*
                                                                  One of his attorneys

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Trustee
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
ajdagostino@gct.law

3