# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | |
| STEVEN D. ZARLING, | ) | Case No. 18 B 35437 |
| | ) | |
| Debtor. | ) | Honorable LaShonda A. Hunt |

### NOTICE OF SUBPOENA

TO:   See attached Certificate of Service

PLEASE TAKE NOTICE that on June 7, 2019, Linda Nelson, by her attorneys, Golan Christie Taglia LLP, caused to be served upon Steven D. Zarling, a Subpoena for Rule 2004 Examination, a copy of which is attached and hereby served upon you.

Dated: June 7, 2019

Respectfully submitted,

Linda Nelson,

By: _____
One of her Attorneys

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Trustee
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
ajdagostino@gct.law

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, states that she served the foregoing Notice of Subpoena on June 7, 2019, via electronic mail addressed to the following:

> Steven D. Zarling
> c/o David M. Siegel
> David M. Siegel & Associates
> 790 Chaddick Drive
> Wheeling, IL 60090
> davidsiegelbk@gmail.com

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth above are true and correct.

_____
Amanda Leon

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

In re: Steven D. Zarling
Debtor

Case No. 18-35437
Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Steven D. Zarling, 1617 Greenwood Ave., Hanover Park, IL 60133
c/o David M. Siegel, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Golan Christie Taglia LLP<br>70 W. Madison St., Ste. 1500<br>Chicago, IL 60602 | July 8, 2019 at 1:00 p.m. |

The examination will be recorded by this method: _____

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Rider. Documents to be produced on or before July 1, 2019 to:
Anthony D'Agostino, Golan Christie Taglia LLP, 70 W. Madison St., Ste. 1500, Chicago, IL 60602

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 7, 2019

CLERK OF COURT

_____        OR        _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Linda Nelson, who issues or requests this subpoena, are:

Anthony D'Agostino, Golan Christie Taglia LLP, 70 W. Madison St., Ste. 1500, Chicago, IL 60602, ajdagostino@gct.law, T: (312) 263-2300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): Steven D. Zarling c/o David M. Siegel
on (date) June 7, 2019.

[X] I served the subpoena by delivering a copy to the named person as follows: via Certified U.S. Mail, Return Receipt No. 7018 0360 0000 0791 9883
_____ on (date) June 7, 2019 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 60.88.

My fees are $ 40.00 for travel and $ 20.88 for services, for a total of $ 60.88.

I declare under penalty of perjury that this information is true and correct.

Date: June 7, 2019

_____
Server's signature

Amanda Leon, Legal Assistant
*Printed name and title*

Golan Christie Taglia LLP
70 W. Madison Street, Suite 1500
Chicago, IL 60602
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## RIDER

*In re Steven D. Zarling*

*18-35437*

1. Any and all documents which evidence, refer to, reflect or otherwise relate to any ownership interest in , whether real or beneficial, whole or in part, or other relationship with, any real property, including but not limited to, deeds, promissory notes, escrow documents, purchase documents, financing documents, tax bills, appraisals, mortgages, applications for mortgages, financing applications, loan applications, title policies, closing documents, trusts, leases, documents regarding improvements, liens, beneficial interests and assignments. This request also includes any leasehold interest in any real property, and extends to any leases or subleases to which Debtor is a party.

2. Any and all bank statements for personal and/or business checking and savings accounts, or any other type of financial or investment accounts, in which Debtor, jointly or individually, currently holds, or previously held, any legal, equitable, controlling, or beneficial interests, beginning on January 1, 2015 through the present date. Documents requested include, but not limited to, statements, cancelled checks for amounts greater than $1,000, and deposit slips.

3. All writings, pay advices, check stubs and other documents which evidence, refer to, reflect or otherwise relate to any and all income earned or received from all sources, and all documents regarding the sources of such income earned or received for the period of January 1, 2015 through the present.

4. Copies of the Debtor's complete federal tax returns for the years 2016, 2017 and 2018, including all schedules and other attachments.

5. Any and all documents which evidence, refer to, reflect or otherwise relate to the ownership or other interest in any automobile, truck, boat, airplane or other vehicle of any kind owned or operated by Debtor, including but not limited to all certificates of title, purchase documents, financing documents, sale documents, appraisals, permits, stickers, registrations or applications related to use, docking or storage beginning with January 1, 2014.

6. Complete copies of all insurance policies (e.g., life insurance, vehicle insurance, property insurance), including all riders, in which the Debtor has an interest for the period commencing January 1, 2015 through the present..

7. A complete copy of the Debtor's credit report from Transunion, Equifax or Experian obtained within the last 90 days. (Note: 1 free annual credit report from each of the 3 credit bureaus is available through www.annualcreditreport.com).

8. A copy of any marital divorce settlement agreements (including any amendments) and any divorce decrees.

9. Any and all documents related to the workers' compensation settlement disclosed on Debtor's Amended Schedules dated February 6, 2019.

10. Any and all documents related to the transfer of funds to George Zarling disclosed on Debtor's Amended Statement of Financial Affairs dated February 6, 2019.