# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | |
| STEVEN D. ZARLING, | ) | Case No. 18-bk-35437 |
| | ) | |
| | ) | Honorable LaShonda Hunt |
| Debtor. | ) | |
| | ) | |
| RICHARD MASON, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of STEVEN D. ZARLING, | ) ) ) ) ) | Adv. Case No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GEORGE ZARLING a/k/a GARY ZARLING, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT TO AVOID AND
## RECOVER AVOIDABLE TRANSFERS AND OTHER RELIEF

Plaintiff, Richard Mason, not individually but as Chapter 7 Trustee of the Estate of Steven D. Zarling, by and through his attorneys, Robert R. Benjamin, Beverly A. Berneman and Anthony J. D'Agostino of GOLAN CHRISTIE TAGLIA LLP, brings this adversary complaint to avoid and recover an insider preferential transfer to Defendant, GEORGE ZARLING a/k/a GARY ZARLING, during the year prior to the commencement of the bankruptcy case pursuant to sections 544, 547, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully states as follows:

1

## PARTIES

1. On December 26, 2018, Debtor, Steven D. Zarling ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code ("Petition") as an individual. Plaintiff, Richard Mason, was appointed as trustee of the Debtor's bankruptcy estate (the "Trustee").

2. On information and belief, George Zarling, also known as Gary Zarling ("Defendant") is the Debtor's brother. Defendant is an insider of the Debtor pursuant to Section 101(31)(A)(i) of the Bankruptcy Code and 740 ILCS 160/2(g)(1)(A).

## JURISDICTION

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334 and the general order for referral of bankruptcy-related matters effective in the United States District Court for the Northern District of Illinois, as the complaint arising out of the Chapter 7 bankruptcy case of *In Re: Steven D. Zarling*. Further, this is a cause of action arising out of 11 U.S.C. §§544, 547, 548 and 550 and Federal Rule of Bankruptcy Procedure 7001.

4. Venue for this Complaint is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1409(a).

5. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§157 (b)(1) and 157(b)(2)(A), (F) and (H). To the extent that this Complaint sets forth claims that are not core proceedings, the Trustee consents to this Court hearing and determining such matters pursuant to 28 U.S.C. § 157(c)(2).

## FACTS COMMON TO ALL COUNTS

6. Trustee was appointed as the Chapter 7 Trustee for Debtor's bankruptcy case and immediately thereafter began his examination of Debtor's assets and liabilities.

7. The Trustee has the duty, authority and standing to bring this Complaint pursuant to Section 704 of the Bankruptcy Code.

8. In February 2018, Debtor received $39,810.82 from a settlement of a workers' compensation lawsuit (the "WC Funds").

9. In or around February 2018, Debtor made a payment to or for the benefit of Defendant as disclosed on Debtor's amended bankruptcy schedules, filed on February 6, 2019 (the "Transfer").

10. The Transfer was made prior to Debtor's bankruptcy filing

11. The Transfer was made within one (1) year prior to the filing of the Debtor's bankruptcy case.

12. The Transfer was made to or for the benefit of Defendant.

13. Upon information and belief, the Transfer to or for the benefit of Defendant was for or on account of antecedent debts owed by Debtor to Defendant before such Transfer was made.

14. Debtor asserted an exemption as to the Settlement Funds pursuant to 820 ILCS 305/21 (the "Workers' Compensation Act"). However, on August 29, 2019, the Bankruptcy Court entered an Order Disallowing Debtor's Assertion of Exemption as to the WC Funds. [Case 18-35437, Dkt. No. 36.]

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

15. The Trustee restates and realleges those allegations set forth in paragraphs 1-13 herein as though fully set forth herein.

16. The Transfer was made to or for the benefit of Defendant.

17. The Transfer to Defendant was made while the Debtor was insolvent.

18. The Transfer was the transfers of property of the Debtor which occurred within one year before the date of the filing of the Petition commencing the Debtor's bankruptcy case.

19. Said Transfer enabled Defendant to receive more than he would have received in this case under chapter 7 of the Bankruptcy Code if the Transfer had not been made and Defendant received payment of his debt(s) to the extent provided by the provisions of the Bankruptcy Code.

20. The Transfer to Defendant should be avoided pursuant to Section 547(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all preferential transfers, including the Transfer, from the Debtor to Defendant, pursuant to §547(b) of the Bankruptcy Code;

B. Enter judgment against Defendant George Zarling a/k/a Gary Zarling in the amount of the value of the preferential transfer(s), plus costs, and interest on said judgment from the date of this complaint, pursuant to 28 U.S.C. §1961; and

C. Grant such other and further relief that this Court deems just and equitable.

### COUNT II
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)(1)(A)

21. The Trustee restates and realleges those allegations set forth in paragraphs 1-19 herein as though fully set forth herein.

22. Upon information and belief, the Debtor made the Transfer with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted, either on or after the dates that the Transfer was made.

4

23. The Transfer should be avoided pursuant to Section 548 of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all fraudulent transfers, including the Transfer, from the Debtor to Defendant, pursuant to §548 of the Bankruptcy Code;

B. Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfer(s), plus costs, and interest on said judgment from the date of this complaint, pursuant to 28 U.S.C. §1961; and

C. Grant such other and further relief that this Court deems just and equitable.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)(1)(B)

24. The Trustee restates and realleges those allegations set forth in paragraphs 1-22 herein as though fully set forth herein.

25. The Debtor received less than a reasonably equivalent value in exchange for the Transfer of the Debtor's property; and

   a. Said Transfer was made while the Debtor was insolvent or the Debtor became insolvent as a result of such transfer of property; or

   b. Made such Transfer to or for the benefit of an insider;

26. The Transfer should be avoided pursuant to Section 548 of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all fraudulent transfers, including the Transfer, from the Debtor to

        Defendant, pursuant to §548 of the Bankruptcy Code;

B.    Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfer(s), plus costs, and interest on said judgment from the date of this complaint, pursuant to 28 U.S.C. §1961; and

C.    Grant such other and further relief that this Court deems just and equitable.

## COUNT IV
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/5(a)(1) AND SECTION 544(b) OF THE BANKRUPTCY CODE

27.    The Trustee restates and realleges those allegations set forth in paragraphs 1-27 herein as though fully set forth herein.

28.    Upon information and belief, the Debtor made the Transfer to Defendant with actual intent to hinder, delay or defraud creditors of the Debtor.

29.    The Transfer should be avoided pursuant to 740 ILCS 160/5(a)(1) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A.    Avoid all fraudulent transfers, including the Transfer, from the Debtor to Defendant, pursuant to 740 ILCS 160/5(a)(1) and §544(b) of the Bankruptcy Code;

B.    Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfers, plus costs, and interest on said judgment the date of this complaint, pursuant to 28 U.S.C. §1961; and

C.    Grant such other and further relief that this Court deems just and equitable.

## COUNT V
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/5(a)(2) AND SECTION 544(b) OF THE BANKRUPTCY CODE

30. The Trustee restates and realleges those allegations set forth in paragraphs 1-28 herein as though fully set forth herein.

31. Upon information and belief, the Debtor made the Transfer to Defendant without receiving a reasonably equivalent value in exchange for the Transfer or obligation.

32. At the time of the Transfer, the Debtor was engaged, or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

33. At the time of the Transfer, the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

34. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/5(a)(2) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all fraudulent transfers, including the Transfer, from the Debtor to Defendant, pursuant to 740 ILCS 160/5(a)(2) and §544(b) of the Bankruptcy Code;

B. Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfers, plus costs, and interest on said judgment the date of this complaint, pursuant to 28 U.S.C. §1961; and

C. Grant such other and further relief that this Court deems just and equitable.

## COUNT VI
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/6(a) AND SECTION 544(b) OF THE BANKRUPTCY CODE

35. The Trustee restates and realleges those allegations set forth in paragraphs 1-33 herein as though fully set forth herein.

36. Upon information and belief, the Debtor made the Transfer to Defendant or incurred such obligations without receiving a reasonably equivalent value in exchange for the Transfer or obligations.

37. The Debtor was insolvent at the time of the Transfer to Defendant or became insolvent as a result of the Transfer or obligations.

38. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/6(a) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all fraudulent transfers, including the Transfer, from the Debtor to Defendant, pursuant to 740 ILCS 160/6(a) and §544(b) of the Bankruptcy Code;

B. Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfers, plus costs, and interest on said judgment the date of this complaint, pursuant to 28 U.S.C. §1961; and

C. Grant such other and further relief that this Court deems just and equitable.

## COUNT VII
## AVOIDANCE OF FRAUDULENT CONVEYANCE PURSUANT TO
## 740 ILCS 160/6(b) AND SECTION 544(b) OF THE BANKRUPTCY CODE

39. The Trustee restates and realleges those allegations set forth in paragraphs 1-37 herein as though fully set forth herein.

40. The Debtor made the Transfer to Defendant for the benefit of Defendant.

41. The Debtor made the Transfer to Defendant while the Debtor was insolvent.

42. At the time of the Transfer, Defendant knew, or had reason to know, that the Debtor was insolvent.

43. Accordingly, the Transfer should be avoided pursuant to 740 ILCS 160/6(b) and Section 544(b) of the Bankruptcy Code and should be recovered by the Trustee for the benefit of this Estate and its creditors pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Avoid all fraudulent transfers, including the Transfer, from the Debtor to Defendant, pursuant to 740 ILCS 160/6(b) and §544(b) of the Bankruptcy Code;

B. Enter judgment against Defendant, George Zarling a/k/a Gary Zarling, in the amount of the value of all fraudulent transfers, plus costs, and interest on said judgment the date of this complaint, pursuant to 28 U.S.C. §1961; and

C. Grant such other and further relief that this Court deems just and equitable.

## COUNT VIII
## ACCOUNTING

44. The Trustee restates and realleges those allegations set forth in paragraphs 1-42 herein as though fully set forth herein.

45. The Trustee seeks an accounting of all funds, tangible and intangible assets and any other property assigned, sold or otherwise transferred from the Debtor or any of his business entities, directly or indirectly, to or for the benefit of Defendant.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Require that Defendant produce to the Trustee an accounting of all transfers from the Debtor to Defendant as further described herein; and

B. Grant such other and further relief that this Court deems just and equitable.

## COUNT IX
## TURNOVER OF DOCUMENTS AND ASSETS

46. The Trustee restates and realleges those allegations set forth in paragraphs 1-44 herein as though fully set forth herein.

47. The Trustee seeks the turnover of all documents relating to the Transfer.

48. The Trustee seeks the turnover of all assets (and all documents related thereto) transferred by the Debtor to Defendant, including but not limited to, the WC Funds, all funds, tangible and intangible assets and any other property assigned, sold or otherwise transferred from the Debtor or his other business entities, directly or indirectly, to or for the benefit of Defendant, as property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

WHEREFORE, Richard Mason, not individually, but as Trustee of the Bankruptcy Estate of Steven D. Zarling, Plaintiff herein, respectfully requests that this Court:

A. Require that Defendant turn over to the Trustee all transfers from the Debtor or his business entities to Defendant as further described herein;

B. Require that Defendant turn over to the Trustee all documents related to all transfers to Defendant as further described herein; and

C. Grant such other and further relief that this Court deems just and equitable.

Dated: September 25, 2019                           RICHARD MASON,

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)                By: */s/ Robert R. Benjamin*
Anthony J. D'Agostino (ARDC # 6299589)                   One of his attorneys
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Trustee
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
ajdagostino@gct.law